

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-07-139-CR**

CHARLES ELLIS BROWN                                                   APPELLANT

V.

THE STATE OF TEXAS                                                         STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Charles Ellis Brown was charged by indictment with capital murder and murder. The jury acquitted him of capital murder, convicted him of the lesser included offense of murder, and assessed his punishment at twenty years' incarceration in the Institutional Division of the Texas Department of Criminal Justice. The trial court sentenced him accordingly. Appellant brings

---

[1] *See* Tex. R. App. P. 47.4.

a single point on appeal, challenging the legal sufficiency of the evidence to support the jury's verdict. He specifically argues that the evidence is legally insufficient to sustain his conviction for murder because his actions were not voluntary.

Andre Dade and Gary Shaw arrived at an empty parking lot behind a church for a pre-arranged drug deal with Gerald "Diamond" Davis, but Davis had no drugs to sell. Davis had told Appellant that he planned to rob Dade by setting up a fake drug deal, and Appellant agreed to help him. Dade and Shaw stayed in their car, and Davis got in the back seat, counted the money, and motioned to Appellant to come over. Appellant got in the back seat of the car, pulled out a gun, and pointed it at Dade, who was sitting in the front seat. Davis immediately exited the car, taking the money with him, and fled the scene. Shaw also jumped out of the car.

Appellant and Dade fought. Shaw heard two shots and saw Dade fall and stop moving. Davis also heard two shots as he was running away.

Appellant testified that after he pulled the gun on Dade, Dade lunged for him, and he panicked. He did not intend to pull the trigger. Appellant took responsibility for shooting Dade but denied that it was an intentional act. Appellant testified that he did not know whose finger was on the trigger when

2

the gun discharged. Appellant also admitted that the purpose of using a firearm to commit a robbery is to threaten people with death if they do not comply.

Detective Curt Brannan, a detective with the Fort Worth Police Department, testified that at least part of what Appellant had told him was consistent with an accident. He refused, however, to classify the shooting as an accident. There was evidence that Detective Brannan had asked Appellant how many times he fired the gun, and Appellant had responded, "I think it was just one time." But the evidence also reflected that Dade suffered two gunshot wounds. Detective Brannan testified that with an accidental shooting, he would expect a single gunshot wound, not two.

The trial court charged the jury on capital murder and also on intentional murder and murder by intending to cause serious bodily injury and committing an act clearly dangerous to human life.[2] The trial court also instructed the jury to acquit Appellant if the jury found or had a reasonable doubt whether the shooting was not the result of a voluntary act of Appellant.

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the prosecution in order to determine whether any rational trier of fact could have found the essential

_____

[2] *See* Tex. Penal Code Ann. §§ 19.02–.03 (Vernon 2003).

elements of the crime beyond a reasonable doubt.[3] This standard gives full play

to the responsibility of the trier of fact to resolve conflicts in the testimony, to

weigh the evidence, and to draw reasonable inferences from basic facts to

ultimate facts.[4] The jury in this case could believe all, some, or none of the

testimony presented by each witness,[5] and as the trier of fact is the sole judge

of the weight and credibility of the evidence.[6] Thus, when performing a legal

sufficiency review, we may not re-evaluate the weight and credibility of the

evidence and substitute our judgment for that of the factfinder.[7] Instead, we

"determine whether the necessary inferences are reasonable based upon the

combined and cumulative force of all the evidence when viewed in the light

most favorable to the verdict."[8] We must presume that the factfinder resolved

---

[3] *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

[4] *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton*, 235 S.W.3d at 778.

[5] *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

[6] *See* Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); *Margraves v. State*, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).

[7] *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), *cert. denied*, 529 U.S. 1131 (2000).

[8] *Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007).

any conflicting inferences in favor of the prosecution and defer to that resolution.[9]

Based on this standard of review, we hold that the evidence detailed above is legally sufficient to support the jury's verdict, overrule Appellant's sole point, and affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL:  CAYCE, C.J.; DAUPHINOT and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  November 26, 2008

---

[9] *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Clayton*, 235 S.W.3d at 778.